## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**CHARLEY EDWARD BAILEY,**

      **Plaintiff,**

**vs.**                                                    **CIVIL ACTION NO. 5:17-CV-04615**

**BECKLEY VAMC, DR. SERTOZ,**
**DR. TAYLOR, DR. WHITE, DR. HARPER,**
**K. GRIMES, DR. BERRYMAN, K. MCGRAW,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This case concerns a medical negligence action brought against Defendants involving alleged medical malpractice when Plaintiff was treated at the Beckley Veterans Affairs Medical Center ("VA") occurring in the two and a half years prior to the amputation of his toe on February 13, 2017. (ECF No. 10 at 5) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3)

There are two matters pending before this Court:

The first is the ***United States' Motion to Dismiss the Beckley V.A. Medical Center, Dr. Sertoz, Dr. Taylor, Dr. Harper, K. Grimes, K. McGraw and Dr. Berryman and Substitute the United States***, filed on March 22, 2018. (ECF No. 22) The United States asserts in its ***Memorandum*** that presuming Plaintiff has a cognizable claim of negligence, this matter must be brought against the United States pursuant to the Federal Tort Claims Act, and further, the United States has filed its certification that these named defendants were acting within the scope of their employment at the time Plaintiff's claims arose. (ECF Nos. 23, 23-1) On March 23, 2018, the

1

undersigned issued a <u>Roseboro</u>[1] notice to Plaintiff directing him to file his response to the ***Motion***.
(ECF No. 25) On April 18, 2018, Plaintiff filed a response stating he had no objection to the
substitution of parties. (ECF No. 30) Due to Plaintiff's no objection to the dismissal and
substitution of the parties, and based on the pertinent legal authority for same, restated *infra*, the
undersigned respectfully recommends that the United States' ***Motion*** substituting parties be
**GRANTED**.

The second matter pending before this Court concerns the ***United States' Motion to
Dismiss For Failure to Comply with the West Virginia Medical Practice Liability Act***. (ECF No.
27) Having examined Plaintiff's Complaint, Amended Complaint and the responsive pleadings
and having consulted the pertinent legal authorities herein, the undersigned recommends that the
United States' ***Motion*** to dismiss Plaintiff's Complaint(s) be **GRANTED** for the reasons explained
*infra*.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 26, 2017[2] (ECF No. 2), Plaintiff, acting *pro se*,[3] filed a Complaint seeking
relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq*.[4]
Plaintiff sues Defendants "due to inaction and mismanagement and misinformation" concerning a

---

[1] Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975); because Plaintiff is acting *pro se*, the Court issued an Order notifying Plaintiff of his right to file a response to the United States' ***Motion*** and further ordered that Plaintiff file any response with the Clerk of this Court by April 23, 2018. (ECF No. 25)

[2] Plaintiff also contemporaneously filed his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1), which the undersigned initially denied. (ECF No. 4) On January 16, 2018, Plaintiff submitted a letter-form motion to reconsider his Application. (ECF No. 5) The undersigned then ordered Plaintiff to amend his Complaint to specify whether he was asserting a claim under the FTCA and identify the individuals he claimed committed medical malpractice. (ECF No. 8) Plaintiff amended his Complaint as ordered, and the undersigned granted his Application *in forma pauperis*. (ECF Nos. 10, 11)

[3] Because Plaintiff is acting *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[4] The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act of omission or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred.

blood blister that "did not get treated resulting in infection then ulcer which resulted in 2 ½ years of fighting to save [the] toe as treatment was stopped with no explanation then lied to preventing [Plaintiff] from proper care[.]" (ECF No. 10 at 6) As a result, on February 13, 2017, Plaintiff's toe was amputated. (Id.) Plaintiff further alleges that he is entitled to punitive damages as he was denied treatment under the guise that it was not FDA approved, but he later found such treatment was available at other VA medical centers, in addition, he has balance issues since the loss of his toe. (Id. at 7) As relief, Plaintiff requests one million dollars. (Id. at 6)

Of interest herein, and in response[5] to this Court's order to amend (ECF No. 9) filed on February 16, 2018, Plaintiff specifically alleged the following:

Plaintiff saw his primary care physician who scheduled Plaintiff an appointment on September 7, 2014 to see podiatrist Dr. Sertoz because his primary care physician "wanted the blood drained as soon as possible" from his left great toe. (Id. at 2) Dr. Sertoz "simply then cut my toenails" and gave him a follow up appointment in December 2014 to cut them again, but Dr. Sertoz did not provide Plaintiff any instructions for care. (Id.) Plaintiff alleges that Dr. Sertoz's notes indicated the area on his toe "was dried up", but Plaintiff disputes this and references a contrasting report by his primary care provider. (Id.) Plaintiff alleges that his toe became infected, which he treated with over the counter remedies and antibiotics, "like Neosporin", but he returned to the ER. (Id.) Ultimately, Plaintiff alleges that had Dr. Sertoz treated his toe properly from the start, he would not have had multiple treatments over the two and half years that were of no avail, leading to the amputation at the Salem VA. (Id. at 4)

---

[5] In the spirit of Haines v. Kerner, the undersigned construes same as a 'supplement' to the Amended Complaint.

Plaintiff alleges that Dr. Hanrado did testing and provided antibiotics but did not provide after care instructions; the toe did not improve, however, and Plaintiff saw Dr. Oye who drained the wound and "cut the portion of the infection off[.]" (Id.)

Plaintiff describes Sandy Harper of the "wound clinic" as a "saint and miracle worker", who tried different treatments in January or February of 2015, but "something happened" and the wound clinic closed, and Plaintiff was referred back to Dr. Taylor or Dr. Oye for debridement. (Id. at 3) Plaintiff asserts that "[s]he is the only one who can answer as to what happened and why as she did return but went to a different position and the wound clinic did not reopen for years." (Id.) Plaintiff alleges that "I feel in no way I received standard practice of care other then [*sic*] the short period under the care of Sandy Harper." (Id. at 4)

Plaintiff alleges that he only saw Dr. White twice, who was hired as the Beckley VA's wound specialist. (Id.) Plaintiff alleges that Dr. White handled his feet and wounded toe without gloves; Dr. White's "only instructions at the time was I needed to make love to my foot and shoes for the wound." (Id.) Dr. White sent Plaintiff to Dr. Taylor for debridement. (Id.) "No treatments like the ones done with Harper was ever attempted" and Plaintiff reported to his primary care provider that he was not comfortable with Dr. White. (Id.)

Plaintiff appears to allege that when he filed a formal complaint against Dr. White, he met with Karilyn Grimes and another woman who said nothing during their meeting; although he does "not know what [Grimes] role within the Veterans administration was", she did not give Plaintiff an answer for why the wound clinic was closed, but she stated that his toe treatment had stopped because it "was not FDA approved." (Id.) Plaintiff alleges that the treatment worked because his toe was healing, however, his only options were to see Dr. White, Dr. Oye, or go to the Salem VA Medical Center. (Id.) Plaintiff alleges that he went to the Salem VA and learned that his treatment

4

had indeed been FDA approved; when he attempted to get an explanation for this from Karilyn

Grimes, she instead referred him to contact the other woman who was present at their initial

meeting. (Id.)

Plaintiff alleges that Katherine McGraw, the director of the Beckley VA, caused "the lack

of funds" that eventually led to the wound clinic's closure. (Id. at 4) Plaintiff alleges that she "and

others at the VA" get bonuses for operating the VA under budget, and the cutbacks led to his

subpar care. (Id.)

Plaintiff alleges that Dr. Berryman, Chief of Staff of the Beckley VA is a "[s]tand up man

who was always very straight forward with me but feel he could of done more as I had multiple

meetings with him." (Id.)

Plaintiff alleges that podiatrist at the Beckley VA, Dr. Taylor, debrided his toe multiple

times, but this did not improve his condition. (Id.) Plaintiff alleges that a wound specialist like Dr.

White would have been a more appropriate provider. (Id.)

On March 27, 2018, Defendants (hereinafter "United States") filed its ***Motion to Dismiss***

***For Failure to Comply with the West Virginia Medical Practice Liability Act*** and its

***Memorandum*** in support thereof. (ECF Nos. 27, 28) That same day, the undersigned issued

another Roseboro notice to Plaintiff directing him to file his response to the United States' ***Motion***.

(ECF No. 29) On April 18, 2018, Plaintiff filed his ***Response*** (ECF No. 30), and on April 19, 2018,

the United States' filed its ***Reply***. (ECF No. 31) Accordingly, this matter is fully briefed and ripe

for decision.

## The United States' Argument for Dismissal

The United States succinctly argues that the FTCA provides that the law of the state where

the act or omission occurred determines its liability, which in this case is governed under W. Va.

Code § 55-7B-1-12, the Medical Professional Liability Act ("MPLA"), therefore, Plaintiff was required to serve upon these named defendants a notice of claim as well as a screening certificate of merit by certified mail thirty days before filing this action. See, W. Va. Code § 55-7B-6(b). (ECF No. 27 at 1-2) Alternatively, Plaintiff was required to file his notice of claim with a statement that a screening certificate of merit is not required to establish liability per W. Va. Code § 55-7B-6(c). (Id. at 2) Though Plaintiff could have obtained an additional sixty days to obtain a screening certificate of merit per W. Va. Code § 55-7B-6(d), none of these provisions have been complied with, therefore, dismissal is appropriate. (Id.)

In an effort to clarify matters, the United States attempts to identify the individuals named in Plaintiff's lawsuit (ECF No. 28 at 2-3): "Dr. Sertoz" is Luciano Serdoz, D.P.M., a fee-based podiatrist who works part time at the Beckley VA; "Dr. Taylor" is Charles Taylor, D.P.M., another fee-based podiatrist who works part time at the Beckley VA; the United States cannot identify "Dr. White"; "Dr. Harper" is "likely" Sandra Harper, R.N., now retired, but was a full-time registered nurse assigned to the wound clinic during the relevant period;[6] "Dr. Berryman" is John Dr. Berryman, M.D., retired and former Chief of Staff at the Beckley VA; "K. Grimes" is Carolyn Grimes, R.N., Chief of the Acute Care Service Line at the Beckley VA; and "K. McGraw" is Karin McGraw, the former Director of the Beckley VA who now works for the VA in Pittsburgh, Pennsylvania. All these defendants have been certified by the United States as having acted within the scope of their employment, except for "Dr. White", as he remains unidentified and is therefore not included in the United States' *__Motions__*. (Id. at 3)

The United States asserts that Plaintiff's claims concern medical malpractice that occurred at the Beckley VA in Beckley, West Virginia, therefore, the mandatory pre-filing notice

---

[6] The undersigned agrees with the United States that Plaintiff's inclusion of "Dr. Harper" or "Sandy Harper" as a defendant in this lawsuit is befuddling, given his allegations that he had positive results while under her care.

requirements of the MPLA had to be followed; Plaintiff's failure to comply with the MPLA pre-filing notice provisions therefore requires dismissal of this action. See Davis v. Mound View Health Care, Inc., 640 S.E.2d 91 (W. Va. 2006); Stanley v. United States, 321 F.Supp.2d 805 (N.D.W. Va. 2004). (Id. at 4-6)

The United States asks this action be dismissed due to Plaintiff's failure to serve a notice of claim and/or a screening certificate of merit or for otherwise failing to comply with the MPLA. (Id. at 6)

In response, Plaintiff appears to argue that he went through the appropriate steps in filing a Form 95 and exhausted his administrative remedies. (ECF No. 30) Plaintiff understood that in the appeals process that he could file his claim in federal court, however, Plaintiff asks this Court to deny the United States' ***Motion to Dismiss*** for failing to comply with the MPLA, as he is prepared to present evidence "that the Beckley VA Medical Center failed in providing me with a standard practice of care." (Id.)

In reply, the United States points out that Plaintiff neither denies he failed to comply with the pre-filing notice requirements pursuant to the MPLA nor contend that the alternative provisions under the MPLA are applicable. (ECF No. 31 at 1) Even though Plaintiff exhausted his administrative remedies, he is still required to comply with the provisions under the MPLA; because he did not, this case must be dismissed. (Id. at 1-3)

**THE STANDARD**

As noted *supra*, Plaintiff is acting *pro se,* therefore, the Court should liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). However, "[l]iberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). "Moreover, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court." Miller, 2007 WL 2050409, at *3 (citing Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)).

## ANALYSIS

Plaintiff's lawsuit clearly concerns allegations of medical malpractice governed under the FTCA. The substantive law of the state where the tort occurred determines the liability of the United States. 28 U.S.C. § 1346(b)(1); See, e.g., Levin v. United States, 568 U.S. 503, 133 S.Ct. 1224, 185 L.Ed.2d 343 (2013). As demonstrated by the United States, the Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1 *et seq.* applies to the instant matter, since Plaintiff has alleged medical negligence involving his care and treatment of his toe.

**The MPLA:**

As noted by the United States, the pre-filing requirements of the MPLA are mandatory. Stanley v. United States, 321 F.Supp.2d 805 (N.D.W. Va. 2004). There is no indication that Plaintiff attempted to comply with the MPLA's mandatory provisions by serving any of the defendants by certified mail, return receipt requested with a Notice of Claim or a Screening Certificate of Merit thirty days before he filed his lawsuit in this Court. Indeed, Plaintiff does not deny that he failed to provide a Notice of Claim or a Screening Certificate of Merit. Nevertheless, Plaintiff's failure to abide by the MPLA's mandatory provisions deprives this Court of jurisdiction, therefore, the case must be dismissed. See Miller v. Stone, 607 S.E.2d 485 (W. Va. 2004).

Although the United States cannot certify "Dr. White" as having been an employee of the federal government, and Plaintiff has provided no additional details to assist in identifying this individual, the undersigned notes that Plaintiff has not alleged any facts as to what omissions or acts caused Plaintiff harm. Even if Plaintiff complied with the pre-filing notice requirements under the MPLA, and further assuming *arguendo* that this Court had personal jurisdiction over "Dr. White", Plaintiff's claim against this defendant simply fails to state a claim for which relief can be granted.[7] It is noted that the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990). Accordingly, the claim against "Dr. White" must be dismissed.

**Punitive Damages:**

Though the United States does not address Plaintiff's claim for punitive damages, there has been no indication that the United States waived its sovereign immunity for such damages, nevertheless, pursuant to 28 U.S.C. § 2674:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, ***but shall not be liable for interest prior to judgment or for punitive damages.***

(emphasis added). Accordingly, Plaintiff's demand for punitive damages must be dismissed.

The undersigned appreciates Plaintiff's frustrating struggle with not only his debilitating disease, but also with the bureaucratic red tape he endured in his pursuit of appropriate and expedient treatment for his diabetes. The undersigned is also mindful of Plaintiff's obvious

---

[7] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), the Court shall dismiss a complaint if it fails to state a claim upon which relief may be granted.

commitment to his country and fellow compatriots for having served in the military. Even though Plaintiff may feel as if the VA improperly cared for his diabetes, unfortunately, the undersigned's hands are tied. <u>Baldwin Ctr. Welcome Center v. Brown</u>, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") Regardless, this Court acknowledges Plaintiff's service and extends its gratitude to Plaintiff for same.

## <u>PROPOSAL AND RECOMMENDATION</u>

For the reasons stated above, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' ***<u>Motions</u>*** (ECF Nos. 22, 27), **DISMISS** Plaintiff's Complaint(s) (ECF Nos. 2, 10) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff and counsel of record.

ENTER: May 7, 2018.

Omar J. Aboulhosn
United States Magistrate Judge